# JOHN I. OMER
## v.
# SAMUEL FARLOW.

*Sales—Offer to Sell Personal Property—Acceptance Before With-drawal—What Not Withdrawal.*

Where defendant offered to sell to plaintiff certain cattle for a price named and agreed to meet him at a certain time and place to receive his answer, the fact that defendant remained away from such place did not constitute a withdrawal of the offer, and the plaintiff having attended, at the time and place agreed, to accept the offer, and the next day sent to the defendant to complete the purchase, the defendant became liable for the damages occasioned to plaintiff by his failure to complete the contract.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. ALBERT AKERS, for appellant.

Mr. F. M. McCANN, for appellee.

MR. JUSTICE BOGGS. Upon a hearing of this case before a jury in the Circuit Court of Adams County a verdict and judgment in the sum of twenty-five dollars was rendered in favor of the appellee and against the appellant as damages for the breach of a contract of appellant to sell appellee ten head of cattle. This is an appeal from that judgment. The theory of the appellee was that the appellant offered to sell him a certain lot of cattle for $390, and agreed to meet him at Camp Point during the afternoon of the same day, at which meeting the appellee was to accept or reject the offer. That the appellee concluded to accept the offer and attended at the appointed time and place for the purpose of accepting and closing the trade. That the appellant did not come to

the appointed place but instead, soon after making the proposition, drove the cattle to the farm of a neighbor who had scales and there had the cattle weighed, and finding them of greater weight than had been supposed he purposely remained away from the place appointed for meeting the appellee, so that appellee could not accept his offer.    There is sufficient evidence in the record to support this as the true theory and the jury did accept it as having been proven. The evidence further shows that appellee, being unable to find the appellant at Camp Point, directed his son to go the next morning to the home of the appellant and notify him of the acceptance of his offer and pay for the cattle.    The son, provided with means to pay for the stock, did so notify the appellant the following morning, but the appellant refused to comply with his proposition, but offered to sell the cattle at $400.

Counsel for the appellant insist that even in such state of the case there could be no recovery because, first, the offer was not accepted within the time limited; second, there was no consideration for the promise of appellant to meet the appellee at Camp Point; third, as the appellee was not bound to accept the proposition had a meeting occurred, the appellant had the material right of withdrawing the offer, and that remaining away from the place of meeting was to all intents and purposes a withdrawal of the offer.    As to the first of these objections it is to be conceded that the acceptance through the son of the appellee on the morning after the appointed day, if standing by itself, would not make a binding bargain between the parties.    It is, however, to be remembered that the appellee had accepted the offer (so far as it was in his power to do so) within the time fixed by the appellant for such acceptance.    The acts of the son were properly intended to carry notice to the appellant that appellee had on the evening before closed the contract by accepting the offer of appellant in his absence and further to carry the contract into execution by receiving and paying for the cattle.    No consideration for the offer made by appellant need appear.    On this point it is said by Mr. Parsons on pages 481 and 482 of his work on Contracts:

"No one doubts that the offerer is bound by an instantaneous acceptance although he receives no consideration for the offer.   And what difference can it make as to the consideration or the want of it, whether the acceptance follow the offer in a second or in a still longer time limited and specified by the proposer himself.  These cases stand on the same footing in respect to consideration."

As to the third reason advanced by counsel for appellant, it need only be said that if the offer of the appellant was without consideration, he might lawfully have withdrawn it at any time before acceptance.   "Acceptance before withdrawal binds the parties if made while the offer continues, and the offer does continue in all cases  *  *  *  for the time fixed by the party himself." Parson on Contracts, Vol. 1, page 482.   The appellant might have withdrawn his offer at any time before its acceptance, but he failed to do so. Remaining away from the appointed place was not a withdrawal of the offer.   It was a mere failure to act, while the withdrawal of an offer is an affirmative act to be performed by some manner of communication to the person to whom the offer was made notifying him of the revocation of the offer.  2 Lawson on Rights and Remedies, Sec. 2235, and cases there cited.

We do not find such serious error in the instructions given or in refusing such as were asked and not given, as to call upon us to reverse the judgment.

The judgment must therefore be affirmed.

*Judgment affirmed.*